IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 95-10014-01-T |
| ) | |
| DANNY H. HASTINGS, ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING MOTION FOR NUNC PRO TUNC ORDER

On April 22, 2005, defendant Danny H. Hastings, Bureau of Prisons ("BOP") inmate registration number 14724-076, an inmate at the Federal Correctional Institution in Sandstone, Minnesota, filed a motion in his closed criminal case seeking an order amending the judgment of conviction *nunc pro tunc* so that he might be credited with approximately five months served in federal detention during the disposition of the charges in this case.

On April 26, 1995, a federal grand jury returned a four-count indictment charging Hastings and a co-defendant with burglary of a post office in violation of 18 U.S.C. § 2115, theft of postal money orders and theft of a postal money order imprinter in violation of 18 U.S.C. § 500, and theft of postal service property in violation of 18 U.S.C. § 1707. Hastings entered a plea of guilty to all four counts on July 7, 1995. The Court conducted a sentencing hearing on September 26, 1995, at which time Hastings was sentenced to thirty months imprisonment on each count to run concurrently, but to run consecutively to any previous

state or federal sentence, followed by a two-year period of supervised release. Judgment was entered on September 30, 1995. No direct appeal was taken.

In his motion, Hastings states that he was serving a sentence previously imposed by the State of Tennessee when he was remanded to federal custody for the disposition of the charges in this case. He was in federal custody for five months, from May 1, 1995 to September 29, 1995, before being returned to State custody. Defendant asserts that he has been denied sentence credit for that five month period by both the State of Tennessee and the BOP. He asks the Court to issue an order amending the judgment in this case so that he can receive credit for that time on his federal sentence.

Hastings cites no authority for the proposition that the Court has the authority to alter a criminal sentence that has become final. While clerical errors in a judgment may be corrected at any time pursuant Fed. R. Crim. P. 36, the modification sought by the defendant in this case does not qualify merely as a clerical error.[1] There are strict limits on the Court's power to otherwise modify a sentence after it has been imposed. Eighteen U.S.C. § 3582(c) states as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–

---

[1] Rule 35(a) allows for correction of "arithmetical, technical, or other clear error," but only within seven days after sentencing.

2

    (i) extraordinary and compelling reasons warrant such a reduction;

    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

  (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

  (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of these provisions are applicable in this case.

As the Court has no power to modify the defendant's sentence in the manner requested, the motion for a *nunc pro tunc* order is DENIED.

IT IS SO ORDERED.

          */s/ James D. Todd*
          JAMES D. TODD
          UNITED STATES DISTRICT JUDGE

         26 April 2005
         DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 55 in case 1:95-CR-10014 was distributed by fax, mail, or direct printing on April 28, 2005 to the parties listed.

---

April Rose Goode
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Nancy Lynn Binkley
U.S. ATTORNEY'S OFFICE
109 Highland Avenue, South
Ste. 322
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT